HUMBERD *v.* KERR *et al.*

JUDGMENTS AND DECREES. *Satisfaction of, set aside. Pleading and practice.* Where sufficient cause appears, upon which to set aside the satisfaction of a judgment had against several defendants, it will be error to do so unless all the defendants to the judgment are made defendants to the application, because until the satisfaction is set aside by judicial proceedings, it must be regarded as valid, and being valid as to the party omitted from the application, it will operate a release as to all, though the satisfaction be technical and not actual. Merely stating that the absent defendant is dead and has no administrator will not cure the omission.

---

FROM BRADLEY.

---

Appeal from the Chancery Court.　D. M. KEY, Chancellor.

J. H. GAUT for complainant.

MAYFIELD & EDWARDS for defendants.

NICHOLSON, C. J., delivered the opinion of the court.

Humberd recovered a judgment in the Bradley Circuit Court against Kerr and others for $800, as damages for trespasses to his person. Under an ancillary attachment, issued during the progress of the suit, the land of Kerr was levied on, and, after the joint judgment, the land of Kerr was sold under the attachment and bought by Humberd at the amount of his judgment, which was thereby satisfied. Afterward, Kerr filed his bill attaching the judgment on various grounds, and also attaching the attachment and the

proceedings under it. The Chancellor held the judgment to be valid, but declared the attachment void, and set aside the sale under it, leaving the satisfaction of the judgment in force.

Humberd files this bill to have the satisfaction of his judgment set aside, and also prays for and obtains an attachment, which was levied on the same land. He makes all the defendants in his judgment defendants to his bill, except one named Horner, as to whom he alleges, that he is dead and has no administrator. He seeks to have the satisfaction set aside, and the land sold to enforce his judgment and attachment.

Kerr answers and sets up various defenses involving the merits of the judgment, which need not be noticed, and denying complainant's right to have the satisfaction set aside. He admits that Horner is dead and that ne has no administrator as alleged by complainant, but takes no exception by demurrer or otherwise to the failure of complainant to make Horner or his representative a party defendant.

The chancellor decreed that the satisfaction of the judgment be set aside, and, holding the judgment to be valid, he ordered execution at law to issue thereon restraining Kerr from selling or disposing of the land in the mean time. From this decree Kerr has appealed, and Humberd brings up the case by writ of error.

The decree of the chancellor, holding that judgment of Humberd against Kerr and others was valid, is clearly correct, no ground being made out in the record for impeaching its validity. Nor is there any

Humberd *v.* Kerr.

error in holding that the satisfaction of the judgment should be set aside, unless the fact that one of the defendants to the judgment was not made a party. It has been repeatedly held that when land is sold under a void proceeding and purchased by the plaintiff in the judgment, and his judgment is thereby satisfied, upon setting aside the void proceeding the chancellor can properly set aside the satisfaction and reinstate the judgment.

And in ordinary cases, when a complainant fails to make proper parties defendants, and no exception is taken to the omission by defendant, the court will proceed to make the proper decree as to those parties before the court, upon the hearing, that a proper decree cannot be made, for the want of necessary parties, the usual practice is to remand the cause to the rules that the necessary parties may be made.

In this case complainant asks the court to set aside the satisfaction of a judgment which is joint against Kerr and several others, with the view of having an unembarrassed judgment which he can enforce. But he has failed to bring one of the defendants in the judgment before the court.

The result will be, that, if the satisfaction of his judgment is set aside as to those defendants before the court, it is left in force as to that party not before the the court, and as, in such cases, the satisfaction of the judgment as to one joint defendant is a satisfaction as to all, the decree will be a nullity and afford him no relief. It is true that it is only when the satisfaction is actual as to

one that it operates to release all, and that in this case the satisfaction is held not to be actual as to all who are before the coust. But until the satisfaction is set aside by judicial proceedings, it must be regarded as valid, and being valid as to one, it necessarily operates as a release as to all.

It follows, that it was error in the court below to proceed to final hearing of the cause until all the defendants in the judgment were brought in as parties.

This view of the case renders it necessary for us to reverse the decree, and to remand the cause, that the necessary parties may be brought before the court. When this is done, complainant will be entitled to have his judgment satisfied by execution at law as decreed by the chancellor.